IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 11, 2013

**VICTOR GONZALEZ, JR. v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Sumner County**
**No. 83-2013      Dee David Gay, Judge**

**No. M2013-01341-CCA-R3-PC - February 28, 2014**

The petitioner, Victor Gonzalez, Jr., appeals the dismissal of his petition for post-conviction relief, arguing that the post-conviction court should have found that due process considerations tolled the statute of limitations for filing his petition. Following our review, we conclude that the post-conviction court properly dismissed the petition on the basis that it was filed outside the one-year statute of limitations and the petitioner failed to show any reason for the statute of limitations to be tolled. Accordingly, we affirm the judgment of the post-conviction court dismissing the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JERRY L. SMITH and CAMILLE R. MCMULLEN, JJ., joined.

Lawren B. Lassiter (on appeal) and Jon J. Tucci (at hearing), Gallatin, Tennessee, for the appellant, Victor Gonzalez, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Senior Counsel; Lawrence R. Whitley, District Attorney General; and Bryna Landers Grant, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On June 2, 2011, the petitioner pled guilty in the Sumner County Criminal Court to seven counts of aggravated statutory rape, a Class D felony, in exchange for consecutive sentences of two years as a Range I, standard offender for each offense, with 180 days to serve followed by supervised probation. Among the special conditions listed on the

petitioner's judgment form was the warning that the petitioner was to have no contact with the victim, the victim's home, the victim's family, or the victim's place of employment and that the State would seek "to impose if [petitioner] violates for any reason."

On the day after the entry of his guilty pleas, the petitioner telephoned the victim's home, which resulted in his being served with a probation violation warrant. One portion of the hearing on the probation violation warrant was held November 7, 2011, while the final portion was held on May 22, 2012. In the interim, the hearing was reset a number of different times, apparently to accommodate the travel arrangements for one or more out-of-state witnesses and to allow time for transcripts of the previous hearings to be prepared for the defense counsel who was appointed after the petitioner's original probation revocation counsel withdrew from representation. At the conclusion of the May 22, 2012 hearing, the trial court revoked the petitioner's probation and ordered that he serve his sentences in the Department of Correction as originally imposed.

On January 25, 2013, the petitioner filed a *pro se* petition for post-conviction relief in which he raised a number of claims, including ineffective assistance of counsel and involuntary and unknowing guilty pleas. Post-conviction counsel was appointed, and an evidentiary hearing was held on May 22, 2013, on the petitioner's claim that due process considerations should toll the statute of limitations. At the hearing, the petitioner testified that he was an inmate at the Sumner County Jail from January 25, 2011 until July 19, 2012. He said he was violated from his probation because he attempted to telephone his wife, who lived at the victim's home, on the day following the entry of his guilty pleas. He testified that he did not become aware of his post-conviction rights until November 2011 when one of his fellow jail inmates told him about it and informed him that he had to obtain the paperwork for filing the petition from his lawyer. However, when he was finally able to get in touch with the lawyer who had been appointed to represent him on his probation violation, counsel told him that he could not file a post-conviction petition while his probation violation case was pending.

The petitioner testified that he was transferred on July 19, 2012, from the Sumner County Jail to the Morgan County Correctional Complex for classification, where he remained for approximately 86 days, spending much of the time either in lockdown or being transferred back and forth to special needs for medical evaluation, before finally being transferred to his current placement at the Whiteville Correctional Facility. While at the Morgan County Correctional Complex, he asked an older inmate who worked in the law library what he needed to do with respect to his post-conviction petition. According to the petitioner, that "inmate lawyer" informed him that he should file his paperwork for his post-conviction petition after he reached his final destination. The petitioner said he filed his original post-conviction petition in November 2012 but never received a reply. He claimed

he had copies of his return receipt mailing but was unable to bring them to the hearing because the Department of Correction had lost his belongings. He testified that he re-filed his petition in late November/early December 2012, but agreed that it was date stamped as filed on January 25, 2013.

On cross-examination, the petitioner testified that he was in the "transit pod," without access to the law library or jail house lawyer, for the first few weeks following his October 2012 transfer to the Whiteville Correctional Complex. He acknowledged that, according to his Sumner County jail records, he first asked for post-conviction petition forms on June 6, 2012, approximately eight months after he learned of his right to file a post-conviction petition. He reiterated, however, that he was operating under the belief that he could not file his post-conviction petition while his probation violation case was still pending.

On redirect examination, the petitioner testified that he asked for an appeal through the resident grievance jail system on the day after his probation. He explained that, to him, requesting an appeal meant that he was requesting "a post-conviction to go back and start the case over because [he] wasn't represented to . . . the best ability of the lawyer." While in the Sumner County Jail, he did not have access to law books or legal forms.

Upon questioning by the post-conviction court, the petitioner insisted that when he referred in his resident request report to wanting to file an appeal, he was referring to a post-conviction petition rather than an appeal of the court's probation revocation ruling, because he knew that there was "no way for [him] to beat the violation" and that there would be no point to an appeal. The petitioner acknowledged that he had lied to the trial court at the guilty plea hearing when he said that he was satisfied with the representation of his trial counsel and was voluntarily and knowingly entering his guilty pleas. He explained his behavior by stating that he had not known what to do at that time because the instant case was his "first time ever getting in any trouble." Finally, he testified that it had taken him seven months to file his post-conviction petition following the resolution of his probation revocation matter because he was unable to obtain the proper paperwork.

On recross examination, the petitioner acknowledged a number of different arrests in Florida from 1999 to 2005 on charges ranging from loitering and prowling to kidnapping and failure to appear. He insisted, however, that his statement to the court that he had never before been in any real trouble was accurate because the felony charges against him had been dropped and his only convictions were misdemeanors.

The attorney who was appointed to represent the petitioner on his probation revocation testified that the petitioner was "very much focused on his defense to the probation violation" and that he could not recall having had any conversations with him

about post-conviction. On cross-examination, he testified that, had the petitioner asked him, he would have told him that the statute of limitations for filing a post-conviction petition was one year from the date of his conviction. He said he knew nothing about the statute of limitations being tied to the completion of a probation violation hearing and that the petitioner's testimony that he advised him he had to wait to file a post-conviction petition until the resolution of his probation violation case did not "ring true."

The post-conviction court dismissed the petition after making lengthy oral findings of fact and conclusions of law, which included a thorough review of the case law regarding the tolling of the statute of limitations on due process grounds and the facts of the case. Among other things, the court found that the petitioner's testimony was not credible, that counsel's testimony was credible, and that the petitioner had not shown any due process basis for tolling the statute of limitations. Accordingly, on May 23, 2013, the court entered an order dismissing the petition as time-barred. This appeal followed.

## ANALYSIS

The petitioner argues that the post-conviction court erred by finding that the post-conviction statute of limitations should not be tolled on due process grounds. In support, he cites, among other things, his testimony that his counsel informed him he could not file a post-conviction petition while his probation revocation was pending and his "residence grievance report [sic]" from the Sumner County Jail, in which he expressed his desire for an "appeal" and stated that his lawyer did not "represent him to the best of his abilities." The State argues that the post-conviction court properly dismissed the petition because it was filed more than one year after the petitioner's conviction became final and there were no due process grounds for tolling the one-year statute of limitations. We agree with the State.

Post-conviction relief is warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgement of a constitutional right. Tenn. Code Ann. § 40-30-103 (2012). The burden in a post-conviction proceeding is on the petitioner to prove the factual allegations in support of his or her grounds for relief by clear and convincing evidence. Id. § 40-30-110(f); Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). On appeal, we are bound by the post-conviction court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). A post-conviction court's conclusions of law, however, are subject to *de novo* review with no presumption of correctness. Id. at 457.

Under the Post-Conviction Procedure Act, a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which

the judgment became final, or consideration of the petition shall be barred." Tenn. Code Ann. § 40-30-102(a) (2012).

The post-conviction statute contains a specific anti-tolling provision:

The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

Id.

Subsection (b) of the statute sets forth the three narrow exceptions under which an untimely petition may be considered, none of which apply in this case. See id. § 40-30-102(b). However, in addition to the three narrow exceptions listed in the statute, principles of due process may allow for the tolling of the statute of limitations in limited circumstances. See Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000) ("[W]e conclude that while the one-year statute of limitations set forth in Tenn. Code Ann. § 40-30-202(a) does not violate due process on its face, application of the statute must not deny a petitioner a reasonable opportunity to raise a claim in a meaningful time and manner."); see also Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001); Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992).

The petitioner asserts that his testimony that his counsel informed him that he could not file a post-conviction petition while his probation revocation case was pending was "not disputed by [his probation revocation counsel]." We respectfully disagree. Counsel, who was apparently called to testify at the hearing without any prior notice, testified that he did not have his case file with him, but he could not recall having ever discussed with the petitioner his post-conviction rights, as the petitioner was focused on fighting the probation revocation. He additionally testified that he had never heard anything about having to wait for the resolution of a probation violation case before filing a post-conviction petition and that the petitioner's testimony about his alleged advice on that matter did not "ring true with [him.]" The post-conviction court, in its findings of fact and conclusions of law, specifically accredited the testimony of counsel over that of the petitioner on this matter.

The post-conviction court found that the petitioner's testimony on other matters was also not credible. This included the petitioner's testimony that he intended to request a post-

conviction petition when expressing an interest in an "appeal" in his resident request report filed on the day following the trial court's revocation of his probation. A "Legal/Notary Request" contained in the petitioner's Sumner County Jail "Resident Request Report," which was admitted as an exhibit at the post-conviction hearing, contains the following request made on May 23, 2012 at 2:24 p.m.:

> My name is Victor Gonzalez and I recently went before [the trial court] on the 22nd of May 2012. I feel my lawyer didn't do his job to the best of his power. I also feel that [the trial court] judged me unjustly and unfairly due to my original charge. Because of these stated reasons listed I'm requesting a motion to appeal ASAP. I no longer have a lawyer to make this request for me. Please have someone bring me the fourm [sic] needed. Thank you.

The post-conviction court found that the petitioner was not requesting "an appeal based on his guilty plea," but instead "to appeal his sentence being imposed." The post-conviction court further found that the petitioner was represented by "two very good, significant attorneys" during the time when the statute of limitations for filing a post-conviction petition was running and that the petitioner was simply "concentrating on [the probation revocation proceedings]" during that time, which was insufficient to toll the statute of limitations on due process grounds.

We conclude that the record fully supports the findings and conclusions of the post-conviction court. Accordingly, we affirm the dismissal of the petition on the basis that it was filed outside the one-year statute of limitations and the petitioner has not shown any reason that the statute of limitations should be tolled.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the post-conviction court dismissing the petition for post-conviction relief as time-barred.

_____
ALAN E. GLENN, JUDGE